UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Matthew Sawyer, | |
|     Plaintiff, | Case No. 14 C 8959 |
| v. | |
| Vivint, Inc., | Judge John Robert Blakey |
|     Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Matthew Sawyer brought this matter against his former employer on behalf of himself and a putative class of current and former employees. Plaintiff alleges claims for violation of: (I) the Fair Labor Standards Act ("FLSA"); (II) the Illinois Wage Payment and Collection Act ("IWPCA"); and (III) the One Day Rest in Seven Act ("ODRA"). Plaintiff purports to bring the FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216, and the state law claims as class actions pursuant to Federal Rule of Civil Procedure 23(b). Defendant moved to dismiss all of Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). [21]. For the following reasons, that motion is granted in part and denied in part.

I.     Background[1]

Vivint, Inc. ("Vivint") provides home automation, energy management, home security systems and solar energy solutions. [1] at ¶ 3. Plaintiff alleges that he worked for Vivint in Illinois as a Field Service Technician from February 2007 to

---

[1] The Background section is based upon the well-pleaded factual allegations of the complaint and the related documents properly before this Court. The facts are accepted as true solely for the purpose of this motion.

1

December 2013.  *Id*. at ¶ 4.  According to Plaintiff, he was a non-exempt employee that was paid an hourly rate (plus overtime), and also could earn bonuses and commissions.  *Id*. at ¶ 10.  The basis for those bonuses and commissions is unclear, however, as Plaintiff has not alleged the existence of an employment agreement containing those terms.  Nonetheless, Plaintiff alleges that Vivint failed to include their employees' bonus compensation in the "regular rate of pay" when calculating overtime.  *Id*. at ¶ 12.  This, claims the Plaintiff, led to a "systematic underpayment of overtime compensation."  *Id*.

Plaintiff filed his Complaint on November 7, 2014, asserting three causes of action.  In Count I, on behalf of a purported nationwide collective class, Plaintiff alleges that Vivint violated the FLSA by failing to include bonuses and commissions in determining the "regular rate of pay" for purposes of computing overtime.  *Id*. at ¶¶ 53-66.  Plaintiff seeks money damages and declaratory relief under Count I.  *Id*. at ¶ 66, pp. 31-32. In Count II, on behalf of a purported Illinois class, Plaintiff alleges that Vivint violated the IWPCA by failing to include bonuses and commissions in determining the "regular rate of pay" for purposes of computing overtime.  *Id*. at ¶¶ 67-81.  In Count III, also on behalf of a purported Illinois class, Plaintiff alleges that Vivint violated the ODRA by failing to provide meal periods.  *Id*. at 85.  Plaintiff seeks money damages and injunctive relief under Counts II and III.  *Id*. at pp. 31-32.  Specifically, Plaintiff asks that the "Court temporarily, preliminary and permanently enjoin and restrain" the Defendant from engaging in the unlawful conduct alleged in the Complaint.  *Id*.

On December 5, 2014, the parties filed a joint motion to stay this action pending mediation. [10]. The Court granted that motion on December 15, 2014, staying the action until April 15, 2015. [14]. The parties were unable to resolve their dispute through mediation, which occurred on March 31, 2015. [42] at 2.

On April 2, 2015, Defendant served Plaintiff with a Rule 68 Offer of Judgment (the "Offer"). [23]. The Offer allowed judgment against Defendant in the amount of $10,000 "inclusive of interest, statutory liquidated damages and penalties." It also provided for costs and reasonable attorney's fees in an amount to be determined by the Court. The offer did not, however, address Plaintiff's claim for injunctive relief. Plaintiff was given fourteen days to accept the Offer but his counsel responded within 90 minutes and "strenuously rejected" it. [22] at 8.

## II. Legal Standard

Under both 12(b)(1) and 12(b)(6), the Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted true. *Id*. To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the

complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(1), the Plaintiff must competently prove by a preponderance of the evidence that subject matter jurisdiction exists. *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995). The standard for a Rule 12(b)(1) motion to dismiss differs from that governing a Rule 12(b)(6) motion only in that the court "may properly look beyond the jurisdictional allegations of the [claim] and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

### III. Analysis

#### A. Defendant's Rule 68 Offer of Judgment

Defendant's Rule 68 offer of judgment was not sufficient to moot Plaintiff's claims because it did not offer to completely "satisfy plaintiff's demands." *Swanigan v. City of Chicago*, 775 F.3d 953, 961 (7th Cir. 2015). Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. If the offer is accepted, the Court enters judgment against the defendant as specified in the offer and the plaintiff gives up his right to trial.

An unaccepted Rule 68 offer that meets or exceeds all the relief plaintiff has demanded eliminates any remaining case or controversy, thereby mooting Plaintiff's

claims. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011). Conversely, "the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants." *Greisz v. Household Bank (Ill.)*, 176 F.3d 1012, 1015 (7th Cir. 1999). As such, "where a plaintiff seeks injunctive or other equitable relief, a settlement offer that would satisfy only the plaintiff's demands for monetary relief does not moot the plaintiff's claim." *Smith v. Specified Credit Ass'n, Inc.*, No. 14 C 06496, 2015 WL 468871, at *3 (N.D. Ill. Jan. 30, 2015).

Here, Defendant's Offer did not provide for the injunctive relief that was demanded by the Plaintiff. The Offer thus is insufficient to moot Plaintiff's claims. This is true even though this Court finds, as set out below, that Plaintiff cannot pursue his claims for equitable relief due to lack of standing. The Seventh Circuit has made clear that "the defendant must satisfy the plaintiffs' *demands*," and cannot just offer to satisfy what it believes Plaintiff is entitled to. *Swanigan*, 775 F.3d 953 at 961 (emphasis in the original). The Offer is insufficient to moot Plaintiff's claims if it only offers what Defendant believes Plaintiff is *entitled* to, here – a monetary judgment.

This finding is consistent with the nature of offers made under Rule 68. The purpose of Rule 68 "is to encourage settlement and to discourage protracted litigation." *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013). Because a Rule 68 offer asks that the Plaintiff "give up his right to a trial," any ambiguities in the offer are construed against the drafter. *Nordby v. Anchor*

5

*Hocking Packaging Co.*, 199 F.3d 390, 391 (7th Cir. 1999). "[A]n ambiguous offer places the plaintiff in an uncomfortable position. Not knowing the actual value of the offer, he can't make an intelligent choice whether to accept it" and forfeit his right to trial. *Id.* at 392. At the time Plaintiff received the Offer, it was clear that it did not include the injunctive relief he had specifically requested. It would be unreasonable to expect that the Plaintiff accept such an offer and forfeit his right to trial when the relief he requested was not provided. Defendant's argument regarding its Rule 68 Offer is therefore unavailing.

### B. Standing to Seek Injunctive and Declaratory Relief

Plaintiff does not have standing to seek injunctive and declaratory relief. Plaintiff has requested declaratory relief under Count I and injunctive relief under Counts II and III. As an initial matter, Plaintiff failed to respond to Defendant's arguments regarding his lack of standing to pursue injunctive and declaratory relief. As such, Plaintiff waives the issue. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

Even if considered on the merits, however, Plaintiff does not have standing to pursue the equitable relief sought because he is a former, not a current, Vivint employee. When "seeking injunctive and declaratory relief, a plaintiff must establish that he is in immediate danger of sustaining some direct injury." *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414

6

U.S. 488, 495-96 (1974). The Seventh Circuit has made it clear that former employees seeking declaratory and injunctive relief do not meet this standard, *see Feit v. Ward*, 886 F.2d 848, 857-58 (7th Cir. 1989), and district courts within this Circuit routinely hold that former employees cannot seek injunctive or declaratory relief. *See, e.g., Brown v. Cnty. of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008); *Ruffin v. Exel Direct, Inc.*, No. 09 C 1735, 2009 WL 3147589, at *3 (N.D. Ill. Sept. 29, 2009). Because Plaintiff is a former, rather than a current, Vivint employee, he is in no danger of suffering any harm from Vivint's purported policies or practices, and therefore he does not have standing to pursue claims for injunctive or declaratory relief. Accordingly, Plaintiff's claims for declaratory and injunctive relief are stricken.

## C. The Sufficiency of Plaintiff's IWPCA Claim

Plaintiff's IWPCA claim does not sufficiently allege the existence of an employment agreement as required by the Act. "The IWPCA does not establish a substantive right to overtime pay or any other kind of wage, but rather allows for a cause of action based on compensation wrongfully withheld pursuant to an employment contract or agreement." *Silver v. Townstone Fin., Inc.*, No. 14 C 1938, 2015 WL 1259507, at *3 (N.D. Ill. Mar. 17, 2015). Where, as here, the employee has not alleged the breach of "contractual obligation[s]," "no IWPCA claim exists." *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005).

7

Because Plaintiff has not alleged the existence of an employment agreement in his Complaint, he requests leave to amend his Complaint with regard to the IWPCA claim. He bases this request on two theories: (1) he recently learned of several agreements indicating that the Defendant was obligated to include all commissions and bonuses in the calculation of the regular rate of pay; and (2) that there is an agreement between the parties demonstrated by a course of conduct sufficient to proceed under the IWPCA. Count II is therefore dismissed without prejudice.

### D. The Sufficiency of Plaintiff's ODRA Claim

Plaintiff's ODRA claim is dismissed because there is no private right of action under the Act. Under Illinois law, the Director of Labor is "charged with the duty of enforcing the provisions of [the ODRA] and prosecuting all violations thereof." 820 ILCS 140/6. The statute does not expressly provide for a private right of action and the two Illinois courts to have addressed the issue have not found such a right. The court in *Kostecki v. Dominick's Finer Foods, Inc. of Illinois*, 836 N.E.2d 837, 845 (Ill. App. Ct. 2005), said that it was not convinced that "an implied private cause of action [was] intended" under the Act. Likewise, the court in *Carty v. Suter Co.*, 863 N.E.2d 771, 787 (Ill. App. Ct. 2007), noted that the trial court had found that there was no private right of action under the ODRA, but ultimately decided the appeal on different grounds. Federal courts applying Illinois law have reached the same conclusion. *See, e.g., Thakkar v. Station Operators Inc.*, 697 F. Supp. 2d 908, 927 n. 21 (N.D. Ill. 2010) ("The [ODRA] charges the Illinois Director of Labor with

enforcement and does not create a private right of action in individual employees"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1104 (S.D. Iowa 2008) ("the Illinois legislature did not intend to create a private cause of action when it enacted [the ODRA]").

Recognizing this, Plaintiff still argues that there should be an implied private right of action. "Implication of a private right of action is appropriate only if: (1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act." *Corgan v. Muehling*, 574 N.E.2d 602, 609 (Ill. App. Ct. 1991). Plaintiff's argument fails under this analysis. For example, under the fourth prong, the ODRA specifically provides that the Director of Labor is to enforce the act and prosecute its violations, and it also provides for the levying of fines against employers who violate the Act. Under the circumstances, this scheme provides for adequate remedies for violations of the act, and Plaintiff has failed to show otherwise. *See, e.g., Moore v. Lumpkin*, 630 N.E.2d 982, 995 (Ill. App. Ct. 1994). Count III is dismissed with prejudice.

## IV. Conclusion

In light of the foregoing, Defendant's motion to dismiss is granted in part and denied in part as follows: (1) Plaintiff's claims for injunctive and declaratory relief are stricken; (2) Count II is dismissed without prejudice; and (3) Count III is

dismissed with prejudice. Plaintiff is granted to leave to file an amended complaint addressing the deficiencies in Count II on or before 6/18/15.

IT IS SO ORDERED

Dated: May 28, 2015

_____
Judge John Robert Blakey
United States District Court