THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW SAWYER, an individual,
on behalf of himself and on behalf of all
others similarly situated

                Plaintiff,

v.

VIVINT, INC.,
                Defendant.

Case No: 14 C 8959

Hon. John Robert Blakey

<u>FINAL APPROVAL ORDER</u>

This matter having come before the Court on February 16, 2016 for a Final Approval Hearing regarding the Settlement Agreement between Plaintiff Matthew Sawyer ("Plaintiff") and Defendant Vivint, Inc. ("Defendant"), due and adequate notice having been given to members of the Class as required by the Court's Order Granting Preliminary Approval of Class Action Settlement dated October 16, 2015 ("Preliminary Approval Order") [Doc. No. 62], and the Court having considered the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing.

**IT IS THEREFORE ORDERED THAT:**

1.      All terms used herein and not otherwise defined shall have the same meaning as given in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this proceeding

and over all parties to this proceeding, including all Class Members.

3.      The Court hereby certifies the following Class for purposes of this settlement only:

All persons who are members of the Illinois Class or the FLSA Class.

The Illinois Class is defined as the following:

All persons who are or were previously employed by Defendant in the State of Illinois as non-exempt employees who were eligible to receive bonus or commission payments during the same pay period in which they were eligible to receive overtime compensation for work in excess of forty (40) hours in one workweek at any time during the Illinois Class Period who do not submit valid and timely requests for exclusion.

The FLSA Class is defined as the following:

All persons who are or were previously employed by Defendant in the United States, except those persons who were members of the class in *West v. Vivint, Inc.*, Case No. 34-2013-00147707 (Sacramento Cnty. Super. Ct.), as non-exempt employees who were eligible to receive bonus or commission payments during the same pay period in which they were eligible to receive overtime compensation for work in excess of forty (40) hours in one workweek at any time during the FLSA Class Period and who timely and properly complete and submit a Claim Form/FLSA Consent Form.

4.      Distribution of the Notice and FLSA Consent / Claim Form ("Notice Packet") to the Class Members as set forth in the Settlement Agreement and confirmed in the Claims Administrator's declaration, has been completed in conformity with the Preliminary Approval Order and constitutes the best notice practicable under the circumstances. The Court hereby finds that the Notice Packet provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the material terms of the Settlement Agreement. The Court also finds that the Notice Packet provided adequate and

2

appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process. All Illinois Class Members who did not submit valid and timely requests for exclusion release Defendant and all Released Parties from the "Illinois Released Claims." All Class Members who submitted a valid Claim Form/FLSA Consent Form are deemed Participating Class Members, and all such Participating Class Members release Defendant and all Released Parties from the "FLSA Released Claims."

5.     The Court hereby finds the Settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class and collective action settlement under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act. The Settlement is the product of extensive and costly investigation by both parties, and settlement at this time provides substantial benefit to the class as it avoids additional substantial costs, delay and risk presented by further prosecution of this action.

6.     Upon review of the record, particularly the declaration of the Claims Administrator and the Motion for Final Approval, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate and reasonable, and therefore approves the Settlement. The Court has come to this determination pursuant to the factors outlined in cases such as *Wong v. Accretive Health, Inc.,* 773 F.3d 859 (7th Cir. 2014) including but not limited to consideration of: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of

3

settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) the stage of the proceedings and the amount of discovery completed.

7.      The Court directs the parties to effectuate the settlement terms as set forth in the Settlement Agreement.   The Court also directs the Claims Administrator to calculate and pay the claims of all Class Members who filed timely claims in accordance with the terms set forth in the Settlement Agreement.

8.      Any Class Member who failed to file an FLSA Consent / Claim Form shall not receive a share of the Net Settlement Amount.

9.      The Court hereby confirms Blumenthal, Nordrehaug & Bhowmik and the Law Offices of Mark King as Class Counsel for settlement purposes.

10.     Pursuant to the terms of the Settlement, and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees in the aggregate amount of One Hundred Twenty-One Thousand Two Hundred Fifty Dollars and No Cents ($121,250.00), which is 25% of the Gross Settlement Fund, and for costs and litigation expenses in the amount of $20,000 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby approved.   The payment to Class Counsel shall only be made in accordance with the terms set forth in the Settlement Agreement.

11.     A payment to the Claims Administrator in the amount of $67,382.01 is

4

similarly approved. The payment to the Claims Administrator shall only be made in accordance with the terms set forth in the Settlement Agreement.

12.     The Court also hereby approves Plaintiff as the Class Representative and approves payment of the agreed Service Award to Plaintiff in the amount of Seven Thousand Five Hundred Dollars and No Cents ($7,500.00) for his service and the risks undertaken as the Class Representative and for his execution of a general release of all claims. The Service Award shall only be paid in accordance with the terms set forth in the Settlement Agreement.

13.     Neither the Settlement nor any of the terms set forth in the Settlement Agreement constitute an admission by Defendant of any liability whatsoever to the Plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged by Plaintiffs in this case, or of any liability of Defendant. This Order, the Settlement Agreement, any action taken to carry out the Settlement, any document referenced to herein or filed in connection herewith, and the exhibits thereto, and any negotiations or proceedings related thereto: (i) shall not be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant; and (ii) shall not be offered in evidence in any action or proceeding against the Parties in any court, administrative agency, or other tribunal for any purpose whatsoever. Nothing in this paragraph, however, shall be deemed to preclude the parties from introducing this Order, the Settlement Agreement and/or exhibits, and any other papers and records on file in the Action, to enforce the Settlement

5

Agreement and/or any orders of this Court, and/or in any other litigation as evidence of the Settlement by Defendant to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

14.     Without affecting the finality of the Settlement or the dismissal of this action, this Court shall retain exclusive and continuing jurisdiction over the present action and the parties, including all Settlement Class Members, for purposes of enforcing and interpreting this Final Approval Order.

15.     The Court hereby enters judgment in this action pursuant to the terms of the Settlement Agreement and dismisses the above-captioned action with prejudice.

**IT IS SO ORDERED.**

Dated: February 16, 2016

ENTERED:

United States District Judge